UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)  Criminal No. 02-10113-RGS
v. )
)
27. FNU LNU, a/k/a "Pineo" )
    a/k/a "Yoel Rodriguez" )
    a/k/a "Osvaldo Guerrero" )
29. WILLIAM FELIZ, )
    a/k/a "William Felix" )

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America, pursuant to Fed. R. Crim.
P.30, requests that the Court, in addition to its usual
instructions in criminal cases, give the following instructions
to the jury.  The United States intends to file supplemental
proposed instructions, along with a proposed verdict form,
tomorrow (October 5) and requests leave to file additional
instructions as may become appropriate during the course of the
trial.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:
RACHEL E. HERSHFANG
JENNIFER H. ZACKS
Assistant U.S. Attorneys
(617) 748-3249/-3109

# TABLE OF CONTENTS

DUTIES OF THE JURY . . . . . . . . . . . . . . . . . . . . . 1

NATURE OF INDICTMENT -- PRESUMPTION OF INNOCENCE . . . . . . . 2

PRELIMINARY STATEMENT OF ELEMENTS OF CRIME . . . . . . . . . 3

EVIDENCE; OBJECTIONS; RULINGS; BENCH CONFERENCES . . . . . . . 4

CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . 7

CONDUCT OF THE JURY . . . . . . . . . . . . . . . . . . . . . 8

NOTE-TAKING . . . . . . . . . . . . . . . . . . . . . . . . 10

OUTLINE OF THE TRIAL . . . . . . . . . . . . . . . . . . . . 11

STIPULATIONS . . . . . . . . . . . . . . . . . . . . . . . . 13

IMPEACHMENT OF WITNESS'S TESTIMONY BY PRIOR CONVICTION . . . 14

CAUTION AS TO COOPERATING WITNESS TESTIMONY . . . . . . . . . 15

WEIGHING THE TESTIMONY OF AN EXPERT WITNESS . . . . . . . . . 16

USE OF TAPES AND TRANSCRIPTS . . . . . . . . . . . . . . . . 17

DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW . . . . . . . . 18

PRESUMPTION OF INNOCENCE; PROOF BEYOND A
    REASONABLE DOUBT . . . . . . . . . . . . . . . . . . . . 19

DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY . . . . . . . 21

WHAT IS EVIDENCE; INFERENCES . . . . . . . . . . . . . . . . 22

KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL . . . . . . . . 23

CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . 24

CAUTIONARY AND LIMITING INSTRUCTIONS
    AS TO PARTICULAR KINDS OF EVIDENCE . . . . . . . . . . . 25

WHAT IS NOT EVIDENCE . . . . . . . . . . . . . . . . . . . . 26

CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE HEROIN
[21 U.S.C. § 846] . . . . . . . . . . . . . . . . . . . . . . 28

FOREPERSON'S ROLE; UNANIMITY  . . . . . . . . . . . . . . . . 31

CONSIDERATION OF EVIDENCE . . . . . . . . . . . . . . . . . . 32

REACHING AGREEMENT  . . . . . . . . . . . . . . . . . . . . . 33

RETURN OF VERDICT FORM  . . . . . . . . . . . . . . . . . . . 35

COMMUNICATION WITH THE COURT  . . . . . . . . . . . . . . . . 36

"ON OR ABOUT" - EXPLAINED . . . . . . . . . . . . . . . . . . 37

CERTIFICATE OF SERVICE  . . . . . . . . . . . . . . . . . . . 38

## DUTIES OF THE JURY

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you. That is how you will reach your verdict. In doing so, you must follow that law whether you agree with it or not. The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

1

## NATURE OF INDICTMENT -- PRESUMPTION OF INNOCENCE

This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The government is represented at this trial by two Assistant United States Attorneys, Rachel Hershfang and Jennifer Zacks. The defendant, Osvaldo Guerrero, is represented by John Laymon. The defendant William Feliz is represented by Larry Vogelman.

The defendants have been charged by the government with violations of federal law. Specifically, each has been charged with conspiracy to possess with intent to distribute, and to distribute, heroin. The charges against the defendants are contained in the indictment. The indictment is simply a description of the charges against the defendants; it is not evidence of anything. The defendants pleaded not guilty to the charges and deny committing the crimes. They are presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven their guilt beyond a reasonable doubt.

Pattern Jury Instructions: **First Circuit,** Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

2

## PRELIMINARY STATEMENT OF ELEMENTS OF CRIME

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes charged, each of which the government must prove beyond a reasonable doubt to make its case. The defendants have been charged by the government with violations of federal law. Specifically, they have been charged with conspiracy to possess heroin with the intent to distribute it, and conspiracy to distribute heroin.

Conspiracy to possess heroin with the intent to distribute it, or to distribute heroin, requires an agreement by a defendant with one or more other persons. It requires that the agreement be to do something forbidden by law, namely, distribute, that is to pass to others, by selling or otherwise, the illegal drug heroin -- or, in the case of the possession charge, to agree to possess the heroin with the intent to distribute it.

You should understand, however, that what I have just given you is only a preliminary outline. At the end of the trial I will give you a final instruction on these matters. If there is any difference between what I just told you, and what I tell you in the instruction I give you at the end of the trial, the instructions given at the end of the trial govern.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

3

## EVIDENCE; OBJECTIONS; RULINGS; BENCH CONFERENCES

I have mentioned the word "evidence." Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated -- that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

It may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence. I will list those things for you now:

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2) Objections are not evidence. Lawyers have a duty to their

4

client to object when they believe something is improper under the rules of evidence. You should not be influenced by the objection. If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained. If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact. You may consider both direct and circumstantial evidence. The law permits you to give equal weight

5

to both, but it is for you to decide how much weight to give to any evidence.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

7

## CONDUCT OF THE JURY

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case -- you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side -- even if it is simply to pass the time of day -- an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you

8

when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

Sixth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own;

Seventh, if you need to communicate with me, simply give a signed note to the court security officer to give to me; and

Eighth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

9

## NOTE-TAKING

I am going to permit you to take notes in this case, and the courtroom deputy has distributed pencils and pads for your use. I want to give you a couple of warnings about taking notes, however. First of all, do not allow your note-taking to distract you from listening carefully to the testimony that is being presented. If you would prefer not to take notes at all but simply to listen, please feel free to do so. Please remember also from some of your grade-school experiences that not everything you write down is necessarily what was said. Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court. Instead, it is your collective memory that must control as you deliberate upon the verdict. Please take your notes to the jury room at every recess. I will have the courtroom deputy collect them at the end of each day and place them in the vault. They will then be returned to you the next morning. When the case is over, your notes will be destroyed. These steps are in line with my earlier instruction to you that it is important that you not discuss the case with anyone or permit anyone to discuss it with you.

Pattern Jury Instructions: **First Circuit,** Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

10

## OUTLINE OF THE TRIAL

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence that it intends to put before you, so that you will have an idea of what the government's case is going to be.

Just as the indictment is not evidence, neither is the opening statement evidence. Its purpose is only to help you understand what the evidence will be and what the government will try to prove.

After the government's opening statement, the defendants' attorneys may, if they choose, make opening statements. At this point in the trial, no evidence has been offered by either side.

Next the government will offer evidence that it says will support the charges against the defendants. The government's evidence in this case will consist of the testimony of witnesses, and may include documents and other exhibits. In a moment I will say more about the nature of evidence.

After the government's evidence, the defendants' lawyers may present evidence in the defendants' behalf, but they are not required to do so. I remind you that the defendants are presumed innocent, and the government must prove the guilt of the defendants beyond a reasonable doubt. The defendants do not have to prove their innocence.

After you have heard all the evidence on both sides, the

11

government and the defense will each be given time for their final arguments. I just told you that the opening statements by the lawyers are not evidence. The same applies to the closing arguments. They are not evidence either. In their closing arguments the lawyers for the government and the defendants will attempt to summarize and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict. After hearing my instructions, you will leave the courtroom together to make your decisions. Your deliberations will be secret. You will never have to explain your verdict to anyone.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

12

## STIPULATIONS

The evidence in this case includes facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendants accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

Pattern Jury Instructions: **First Circuit,** Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

13

## IMPEACHMENT OF WITNESS'S TESTIMONY BY PRIOR CONVICTION

You have heard evidence that certain witnesses have previously convicted of a crime. You may consider that evidence, together with other pertinent evidence, in deciding how much weight to give to those witnesses' testimony.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

14

## CAUTION AS TO COOPERATING WITNESS TESTIMONY

You have heard the testimony of several of the government's witnesses who participated in the crimes charged against the defendants and provided evidence under agreements with the government. Some people in this position are entirely truthful when testifying. Still, you should consider this testimony with care and caution. You may consider whether these witnesses had reason to make up stories or exaggerate what others did to be helpful to law enforcement.

Pattern Jury Instructions: **First Circuit,** Criminal Cases
Committee on Pattern Criminal Jury Instructions – First Circuit
1998 Edition.

15

## WEIGHING THE TESTIMONY OF AN EXPERT WITNESS

You have heard testimony from expert witnesses.  An expert witness has special knowledge or experience that allows that witness to give an opinion.

You may accept or reject such testimony.  In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

Pattern Jury Instructions: **First Circuit,** Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

## USE OF TAPES AND TRANSCRIPTS

The evidence in this case includes conversations that were recorded.  These conversations are in Spanish.  In order to help you, I am going to allow you to have an English transcript, translating what is said in Spanish on the tape.  These transcripts are proper evidence for you to consider.

Adapted from Pattern Jury Instructions: **First Circuit**, Criminal CasesCommittee on Pattern Criminal Jury Instructions – First Circuit 1998 Edition; United States v. Rengifo, 789 F.2d 975(1st Cir. 1986); United States v. Pion, 25 F.3d 18, 21 (1st Cir. 1994).

## **DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW**

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return -- that is a matter entirely for you to decide.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

# PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt.    The presumption is not a mere formality.    It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendants before you have the benefit of that presumption throughout the trial, and you are not to convict them of a particular charge unless you are persuaded of their guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that the defendants are guilty of the crime or crimes with which they are charged beyond a reasonable doubt.    The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.    This burden never shifts to the defendants.    It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence.    The defendants have the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against

19