UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 OCT 26  P 5: 02

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No. 02-10113-RGS |
| v. | ) |
| | ) |
| 27. FNU LNU, a/k/a "Pineo" | ) |
|     a/k/a "Yoel Rodriguez" | ) |
|     a/k/a "Osvaldo Guerrero" | ) |
| 29. WILLIAM FELIZ, | ) |
|     a/k/a "William Felix" | ) |

U.S. DISTRICT COURT
DISTRICT OF MASS.

### GOVERNMENT'S PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS

The United States of America, pursuant to Fed. R. Crim. P.30, requests that the Court, in addition to its usual instructions in criminal cases, give the following supplemental instructions to the jury. The United States requests leave to file additional instructions as may become appropriate during the course of the trial.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Rachel E. Hershfang
RACHEL E. HERSHFANG
JENNIFER H. ZACKS
Assistant U.S. Attorneys
(617) 748-3249/-3109

**TABLE OF CONTENTS**

CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE HEROIN . . . . 1
[21 U.S.C. § 846]

CONSPIRACY TO DISTRIBUTE HEROIN . . . . . . . . . . . . . . . . 4
[21 U.S.C. § 846]

CONSPIRACY TO DISTRIBUTE HEROIN
[21 U.S.C. § 846]
DRUG WEIGHT ATTRIBUTABLE TO EACH DEFENDANT  . . . . . . . . . . 6

VERDICT FORM
    COUNT TWO (Heroin Conspiracy)  . . . . . . . . . . . . . . 9

## CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE HEROIN
## [21 U.S.C. § 846]

Defendants Osvaldo Guerrero and William Feliz are accused in Count Two of the indictment with conspiracy to possess with intent to distribute heroin. It is against federal law to conspire with someone commit this crime.

For you to find either defendant guilty of conspiracy, you must be convinced that the government has proven both of the following things beyond a reasonable doubt:

First, that the agreement specified in the indictment, and not some other agreement or agreements, existed between the defendant and at least one other person to possess with intent to distribute, or to distribute, heroin; and

Second, that that particular defendant willfully joined in that agreement.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

1

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed - that is to say, with bad purpose, either to disobey or disregard the law - not to act by ignorance, accident or mistake.  The government must prove two types of intent beyond a reasonable doubt before any of the defendants can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed.  Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors.  Intent may be inferred from the surrounding circumstances.

Proof that each defendant willfully joined in the agreement must be based upon evidence of his own words or actions.  For each defendant, you need not find that he agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that each defendant knew the essential features and general aims of the venture.  Even if a defendant was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later.  On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not

2

thereby become a conspirator.

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the crime to possess with intent to distribute, or to distribute, heroin.

United States v. Rivera-Santiago, 872 F.2d 1073, 1078-80 (1st Cir.), cert. denied, 492 U.S. 910 (1989), as modified by United States v. Piper, 35 F.3d 611, 614-15 (1st Cir. 1994), cert. denied, 513 U.S. 1158 (1995). Overt act is not required in a drug conspiracy under 21 U.S.C. § 846. See United States v. Shabani, 513 U.S. 10 (1994). Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## CONSPIRACY TO DISTRIBUTE HEROIN--DRUG QUANTITY
## [21 U.S.C. § 846]
## CONSPIRACY AS A WHOLE

Defendants Osvaldo Guerrero and William Feliz are accused in Count Two of the indictment with conspiracy to distribute more than 1 kilogram of heroin.

If you find either of the defendants guilty of Count Two, you must respond to some additional questions to decide whether the conspiracy charged in Count Two involved certain quantities of drugs, referred to in the criminal statute.

In answering these questions, as in deciding your verdict on each count, you must be unanimous, and in order to decide that the count involved a certain quantity of drugs you must be satisfied that the government has proven that quantity by proof beyond a reasonable doubt. The term "quantity" means the total weight of any mixtures or substances which contain a detectable amount of the drug charged.

First, you will be asked to determine whether the total amount of heroin that was involved in the conspiracy in this case was 1 kilogram or more of heroin.

Your conclusion regarding the amount of heroin attributable to the conspiracy in this case must be based on the evidence as a whole. Although you may make these initial drug quantity determinations based on either direct or circumstantial evidence, you must be convinced that the government has proven that the

4

conspiracy involved at least 1 kilogram of heroin, beyond a reasonable doubt.

Derman v. United States, 298 F.3d 34, 39 (1st Cir. 2002); Edwards v. United States, 523 U.S. 511, 514 (1998); Apprendi v. New Jersey, 530 U.S. 466 (2000); United States v. Collazo-Aponte, 216 F.3d 163, 200 (1st Cir. 2000).

**CONSPIRACY TO DISTRIBUTE HEROIN--DRUG QUANTITY**
**[21 U.S.C. § 846]**
**DRUG WEIGHT ATTRIBUTABLE TO EACH DEFENDANT**

You will also be asked to decide, with respect to any defendant as to whom you have returned a guilty verdict, how much heroin is attributable to that defendant. For this question, as for the question of guilt or innocence, your verdict must be unanimous, and must be supported by proof beyond a reasonable doubt.

Your determination of how much heroin is attributable to a defendant in this case will be based on what you conclude was "reasonably forseeable" to him.[1] To determine what amount is "reasonably foreseeable" to a defendant, you should consider a number of things.

First, for each defendant, you should calculate the amount of heroin that you conclude the defendant, as a member of the conspiracy, himself sold or bought with the intention of selling.

Second, you should consider, for each defendant, any

---

[1] See United States v. Santos, 357 F.3d 136, 140 (1st Cir. 2004) (citations omitted) ("each coconspirator is responsible not only for the drugs he actually handled but also for the full amount of drugs that he could reasonably have anticipated would be within the ambit of the conspiracy"); United States v. Manjarrez, 306 F.3d 1175, 1181 (1st Cir. 2002) ("A conspiracy charge is a single offense, and a `narcotics conspirator is responsible not only for the full quantity of drugs that he actually handled or saw but also for the full quantity of drugs that he reasonably could have foreseen to be embraced by the conspiracy he joined.'") (quoting United States v. Rodriguez, 162 F.3d 135, 149 (1st Cir.1998)).

quantity of heroin that he attempted or planned to distribute (or buy with the intention of distributing), even if those drugs were never actually obtained or distributed, as long as it was an objective of the conspiracy to do so.

Third, for each defendant, you should consider any quantity of drugs that another member of the conspiracy sold or intended to sell, if that sale was in furtherance of the jointly undertaken criminal activity, and the defendant whose drug quantity you are calculating could have reasonably anticipated that transaction or intended transaction.[2]

For each defendant, the scope of his criminal activity is not necessarily the same as the scope of the entire conspiracy, and therefore different defendants may have different drug-weight calculations.  To determine the drug weight for each defendant, you must consider each of the factors above in light of the evidence about that defendant's involvement in the conspiracy.

Based on these principles, you should determine how much heroin is attributable to each defendant as to whom you have returned a guilty verdict, and indicate this on the verdict form that I have provided to you.

---

[2] United States v. Carey 2003 WL 329041, *6 (1st Cir. 2003) (defendant is responsible for all drugs he personally handled or he anticipated handling, and for drugs involved in additional acts that were reasonably foreseeable by the defendant and were committed in furtherance of the conspiracy).

7

<u>Blakely v. Washington</u>, - U.S. -, 124 S.Ct. 2531 (2004); <u>Derman v. United States</u>, 298 F.3d 34, 42 (1st Cir.), cert. denied, 71 USLW 3245 (2002); <u>Edwards v. United States</u>, 523 U.S. 511, 514 (1998); <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

**VERDICT FORM**
**COUNT TWO (Heroin Conspiracy)**

1. Do you find that "Pineo," or Osvaldo Guerrero, is:

    ❏ not guilty     ❏ guilty

of Count Two of the indictment?


2.  Do you find that William Feliz  is:

    ❏ not guilty     ❏ guilty

of Count Two of the indictment?


    If your answer to <u>both</u> questions 1 and 2 was "not guilty," do not answer any more questions.


3.  If your answer to <u>either</u> question 1 or two was "guilty," do you find that the charged conspiracy involved 1 kilogram or more of a mixture or substance containing a detectable amount of heroin?

    ❏ no         ❏ yes


4.  If you answered "guilty" to question 1, do you unanimously agree, by proof beyond a reasonable doubt, that the quantity of the mixture or substance containing a detectable amount of heroin that the defendant "Pineo," also known as Osvaldo Guerrero,

9

conspired to distribute or possess with intent to distribute, including all reasonably forseeable acts and omissions of others in furtherance of the conspiracy, was:

**Check only the highest amount unanimously found.**

\_\_\_ at least 100 grams, but less than 400 grams, of heroin

\_\_\_ at least 80 grams, but less than 100 grams, of heroin

\_\_\_ at least 60 grams, but less than 80 grams, of heroin

\_\_\_ at least 40 grams, but less than 60 grams, of heroin

\_\_\_ at least 20 grams, but less than 40 grams, of heroin

\_\_\_ at least 10 grams, but less than 20 grams, of heroin

\_\_\_ at least 5 grams, but less than 10 grams, of heroin

\_\_\_ less than 5 grams of heroin

5. If you answered "guilty" to question 2, do you unanimously agree, by proof beyond a reasonable doubt, that the quantity of the mixture or substance containing a detectable amount of heroin that the defendant William Feliz conspired to distribute or possess with intent to distribute, including all reasonably forseeable acts and omissions of others in furtherance of the conspiracy, was:

**Check only the highest amount unanimously found.**

\_\_\_ at least 1 kilogram, but less than 3 kilograms, of heroin

\_\_\_ at least 700 grams, but less than 1 kilogram, of heroin

10

___ at least 400 grams, but less than 700 grams, of heroin

___ at least 100 grams, but less than 400 grams, of heroin

___ at least 80 grams, but less than 100 grams, of heroin

___ at least 60 grams, but less than 80 grams, of heroin

___ at least 40 grams, but less than 60 grams, of heroin

___ at least 20 grams, but less than 40 grams, of heroin

___ at least 10 grams, but less than 20 grams, of heroin

___ at least 5 grams, but less than 10 grams, of heroin

___ less than 5 grams of heroin

**CERTIFICATE OF SERVICE**

**SUFFOLK, ss**                                              Boston, Massachusetts

October 26, 2004

   I, Rachel E. Hershfang, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing Government's Proposed Jury Instructions, to all counsel of record.

                                              _____
                                              RACHEL E. HERSHFANG
                                              Assistant U.S. Attorney